UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JASON BARROSO-LÓPEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 14-1716 (JAF)

(Crim. No. 11-447-1)

**OPINION AND ORDER**

Petitioner Jason Barroso-López ("Barroso-López") comes before the court with a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 11-447-1. (Docket No. 1.) For the following reasons, we deny his petition.

**I.**

**Background**

Barroso-López was arrested by police for alleged criminal acts on October 5, 2011. (Crim. No. 11-447-1; Docket No. 24.) The police responded

> to a report of a residential break-in attempt in the early morning hours. [Barroso-López] was captured attempting to flee the scene, and a pistol was found on his person. Improbably, he denied knowledge of the weapon to the police. A bag containing suspicious items was found at the scene, as well. A second man was detained, but ultimately released. People inside the residence could not identify Barroso or the other suspect as the individuals attempting entry. Due to prior drug convictions, Barroso was prosecuted as a felon in possession of a firearm.

*United States v. Barroso-López*, Appeal No. 12-1813 (1st Cir. 2013); (Crim. No. 11-447-1, Docket No. 45).

On December 12, 2011, Barroso-López pleaded guilty to Count One of the indictment during a Change-of-Plea Hearing in our Courtroom. (Crim. No. 11-447-1; Docket No. 23.) He pleaded guilty to a violation of 18 U.S.C. § 922 (g)(1) because, having been convicted of a felony, he did knowingly possess a weapon which had been transported in interstate commerce. (Crim. No. 11-447-1; Docket No. 24 at 1-2.) In the Change-of-Plea Hearing, Barroso-López affirmed his understanding that this offense "carries a term of imprisonment of not more than ten years." (Crim. No. 11-447-1; Docket No. 42 at 9.) He also affirmed his understanding that "if for some reason the guideline is higher than what you have in your Plea Agreement, that by itself will not allow you to withdraw your plea," and that the court was not bound by "any particular recommendation." (Crim. No. 11-447-1; Docket No. 42 at 10.)

The plea agreement stated that the maximum statutory penalty was "a term of imprisonment of not more than ten (10) years." (Crim. No. 11-447-1; Docket No. 24 at 2.) It also stated that the defendant,

> understands and acknowledges that the court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendation contained. Defendant Jason Barroso-López specifically acknowledges that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which defendant Jason Barroso-López is pleading guilty

and that,

> should the court impose a sentence up to the maximum established by statute, defendant Jason Barroso-López cannot, for that reason alone, withdraw his guilty plea, and will

          remain bound to fulfill all of the obligations under this Plea
          and Forfeiture Agreement.

(Crim. No. 11-447-1; Docket No. 24 at 2.)

On June 7, 2012, we held a Sentencing Hearing. (Crim. No. 11-447-1; Docket No. 37.) The plea agreement did not mention an enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a gun in connection with another felony offense, but the probation office's presentence report included the increase, based on the apparent burglary attempt. "Barroso objected to the increase, and the government adhered to the plea agreement's sentencing recommendation, but the district court applied the increase and sentenced Barroso within the resultant guideline range." *Barroso-López*, Appeal No. 12-1813 (1st Cir. 2013); (Crim. No. 11-447-1, Docket No. 45). We issued judgment on June 11, 2012, imposing a term of imprisonment of ninety-four (94) months. (Crim. No. 11-447-1; Docket No. 38.)

Barroso-López appealed our judgment, arguing that "there was insufficient evidence of an intended burglary, and alternatively, insufficient evidence that an inhabited structure had been targeted for the burglary, such as would trigger a felony penalty under commonwealth law." *Barroso-López*, Appeal No. 12-1813 (1st Cir. 2013); (Crim. No. 11-447-1, Docket No. 45). On November 20, 2013, the First Circuit affirmed our sentence, holding that the § 2K2.1(b)(6)(B) increase was adequately supported by a finding of an intended burglary of an inhabited building." *Barroso-López*, Appeal No. 12-1813 (1st Cir. 2013); (Crim. No. 11-447-1, Docket No. 45).

On September 22, 2014, Barroso-López filed the instant motion under § 2255. (Docket No. 1.) The United States filed a response in opposition on October 14, 2014. (Docket No. 3.) On November 4, 2014, Barroso-López filed a reply. (Docket No. 6.)

## II.

## **Jurisdiction**

Barroso-López is currently in federal custody, having been sentenced by this district court. To file a timely motion, Barroso-López had one year from the date his judgment became final. 28 U.S.C. § 2255(f). Because he filed the instant motion only ten months after the Court of Appeals affirmed his sentence, he is well within the one-year time limit for a § 2255 petition.

## III.

## **Analysis**

Barroso-López argues that he had ineffective assistance of counsel, and that our sentencing enhancement was improper. He, therefore, requests an evidentiary hearing. (Docket No. 1.) Because Barroso-López appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, Barroso-López's pro-se status does not excuse him from complying with procedural and substantive law. *See Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008).

**A.    Ineffective Assistance of Counsel**

Barroso-López argues that he received ineffective assistance of counsel. (Docket No. 1 at 3.) To prove a claim of ineffective assistance of counsel, Barroso-López must show that both: (1) the attorney's conduct "fell below an objective standard of reasonableness;" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Wash.,* 466 U.S. 688, 688-94 (1984). We apply this *Strickland* standard in the context

of plea agreements. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

Barroso-López writes that his lawyer, Melanie Carrillo-Jiménez ("Carrillo-Jiménez"), was ineffective because she,

> misinformed the Petitioner, prior to signing the plea, that the Plea Agreement did not include **"RELEVANT CONDUCT"**; that anything above or below the recommended guideline range would be a violation of the plea agreement; that even though the court was not bound by the agreement, once the court accepted the terms of the agreement, that he court was bound by the agreement, unless and unlikely the court would defer a decision until the court reviewed the presentence report; that if the court accepted the plea agreement it had to inform the Petitioner that to the extent the plea agreement is of the type specified in **Rule 11(c)(1)(A) or (C)**, the agreed disposition would be included in the judgment; that failure to honor the terms of the agreement to which he was pleading to was in fact a reason for Petitioner to withdraw his plea.

(Docket No. 1 at 7) (emphasis in original). This is not misinformation because it is all correct. (*See* Crim. No. 11-447-1; Docket No. 24.) Therefore, it does not show ineffective assistance.

Barroso-López also argues that "at sentencing counsel denied effective assistance of counsel by failing to object or rebut the Government's assertion of a **Burglary** as **"RELEVANT CONDUCT"** in violation of <u>Apprendi</u>." (Docket No. 1 at 7) (emphasis in original). However, the record clearly shows that his lawyer did object to the information about the burglary. *Barroso-López*, Appeal No. 12-1813 (1st Cir. 2013); (Crim. No. 11-447-1, Docket No. 45).

Barroso-López alleges that his lawyer told him "sign the plea because there is no relevant conduct to be used against you for purposes of sentencing." (Docket No. 1 at 8.)

Barroso-López signed an agreement stating that he was aware that the court may consider the pre-sentence investigation report, as well as his stipulated facts. (Crim. No. 11-447-1; Docket No. 24 at 3.) We find it incredible that a person who was arrested fleeing from the police at the scene of a burglary would not have imagined that his flight from police or his flight from the scene of a crime could arise in that pre-sentence investigation.

Barroso-López argues that "counsel did not adequately investigate the case; adequately challenged the Government's investigation and presentation of the case; or obtain the necessary objects and proper rulings from the trial court." (Docket No. 1 at 11.) He provides no further support for these allegations. It is well-established that "issues that are adverted to in a perfunctory manner absent developed argumentation are waived." *United States v. Brown*, 669 F.3d 10, 16 n.5 (1st Cir. 2012). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (internal citations omitted).

For the reasons above, Barroso-López's ineffective assistance claims fail.

**B.    Enhancement**

Barroso-López argues that we could not legally impose a sentencing enhancement "because there is no where in the record that can conclusively demonstrate that Petitioner admitted to any allegations of an attempt or actual Burglary in order to justify the improper 4 point enhancement." (Docket No. 1 at 13) (sic) (emphasis in original). The First Circuit has already ruled on this issue. *Barroso-López*, Appeal No. 12-1813 (1st Cir. 2013); (Crim No. 11-447-1, Docket No. 45). When an issue has been disposed of on direct appeal, it will not be reviewed again through a § 2255 motion. *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (citing *Dirring v. United States*, 30 F.2d 862, 863

(1st Cir. 1967)) (*see also Withrow v. Williams*, 507 U.S. 680, 721 (1993) (holding that if a claim "was raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations")). Therefore, this claim is denied.

**C.     Evidentiary Hearing**

Evidentiary hearings "are the exception, not the rule." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993) (quoting *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir. 1974)). All of Barroso-López's claims have been dismissed and the alleged facts have been conclusively refuted by the record. Therefore, there is no need for an evidentiary hearing.

**IV.**

**Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). In this respect, we state that it has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit. This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds. We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations. *See Davis v. U.S.*, 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under § 2255, the claimed error of law must be a fundamental defect which inherently results in a complete miscarriage of justice); *see also Dirring v.*

*U.S.*, 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic fundamental right is denied—not as vehicle for routine review for defendant who is dissatisfied with his sentence).

We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Barroso-López has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Barroso-López may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Barroso-López's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Barroso-López is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of January, 2015.

                                                    S/José Antonio Fusté
                                                    JOSE ANTONIO FUSTE
                                                    U. S. DISTRICT JUDGE